PROB 12C
(6/16)

Report Date: June 9, 2021

United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 09, 2021

SEAN F. McAVOY, CLERK

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: Anthony Wayne Sotin           Case Number: 0980 2:11CR00022-WFN-1

Address of Offender:                                                             Washington  99019

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge
Name of Supervising Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: May 27, 2011

| | |
|---|---|
| Original Offense: | Count 2: Use of a Firearm to Commit a Federal Felony, 18 U.S.C. § 844(h); Count 3: Malicious Use of a Fire to Damage Property Used in Interstate Commerce, 18 U.S.C. § 844(i) |
| Original Sentence: | Prison - 120 months<br>TSR - 36 months |
| Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Caitlin A. Baunsgard |
| Date Supervision Commenced: | September 9, 2019 |
| Defense Attorney: | Federal Defenders Office |
| Date Supervision Expires: | September 8, 2022 |

**PETITIONING THE COURT**

To issue a **warrant**.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance
---|---
1 | **Mandatory Condition #2**: The defendant shall not commit another Federal, state, or local crime.
 | **Supporting Evidence**: The offender is alleged to have violated mandatory condition number 2, by committing the offense of assault of a child, on or about June 2020 through May 2021.
 | On September 9, 2019, the offender's conditions of supervision were reviewed and he signed said conditions acknowledging an understanding of his requirements.  Specifically, he was made aware by the U.S. probation officer that he must not commit another federal, state or local crime.
 | According to Spokane County Sheriff incident report number 2021-10058764, on or about May 11, 2021, a Child Protective Services (CPS) intake was completed by a doctor who had seen the offender's 6-year-old stepson at an urgent care center, for a black eye.  It was reported the child incurred the black eye after being pushed by a large puppy into a counter while in Mr. Sotin's care.  The doctor was concerned about the mechanism of injury and the

Prob12C
Re: Sotin, Anthony Wayne
June 9, 2021
Page 2

explanation of how the injury occurred. During the appointment, he learned the child had received another black eye while in the offender's care, after allegedly rolling off his bunk bed.

On May 17, 2021, a forensic interview was conducted with the victim. The child informed the interviewer that when he is alone with the offender, he is "mean". He explained that Mr. Sotin will put cold water in his face if he falls asleep while eating. He also described an incident where Mr. Sotin took him into the bathroom and pinned him above his head and lifted him off the bathtub floor. He then added that the offender proceeded to use a removable shower head to spray cold water on the child's face, and then asked, "are you awake now". The child reported multiple occasions in which the offender sprayed cold water on his face.

The victim also reported that in late April 2021, the offender picked him up from school and "poked" his arm with his finger, which he said hurt and "felt bad". When they arrived home, he reported the offender grabbed him by both of his arms and threw him against a TV stand and he struck his head. He stated Mr. Sotin picked him up from the floor and threw him against the TV stand a second time. The child indicated he was crying and he believed that is why the offender stopped.

The child reported another incident where the offender got angry at him, picked him up from his chair, and threw him against the wall in the apartment.

In reference to the injuries that resulted in the referral to CPS, the victim stated he fell off his bunk bed and was pushed by the family dog.

The child's mother was also interviewed by law enforcement and stated she was unaware of any physical abuse. She informed the officer that on the night her son incurred the black eye from falling off his bunk bed, she had contacted the offender and told him that her son had been in trouble at school that day. The offender told her he would speak to the child about it and would not "freak out on him". With regard to the incidents that resulted in black eyes, she stated her son told her he had fallen out of his bed and was pushed into the counter by their dog.

As of this writing, charges have not been filed in relation to the aforementioned incidents.

2      **Mandatory Condition #2:** The defendant shall not commit another federal, state, or local crime.

**Supporting Evidence:** The offender is alleged to have violated mandatory condition number 2, by committing the offense of violating a protection order on or about May 27, 2021.

On September 9, 2019, the offender's conditions of supervision were reviewed and he signed said conditions acknowledging an understanding of his requirements. Specifically, he was made aware by the U.S. probation officer that he must not commit another federal, state or local crime.

On May 18, 2021, a temporary order of protection was filed prohibiting the offender from having contact with his wife and stepson.

Prob12C
Re: Sotin, Anthony Wayne
June 9, 2021
Page 3

According to Liberty Lake Police Department incident report number 2021-88003050, on May 27, 2021, Mr. Sotin's wife contacted law enforcement in reference to a protection order violation. The responding officer made contact with the victim who stated Mr. Sotin contacted her via telephone on May 27, 2021, at approximately 7:47 a.m. She further indicated she did not know it was the offender calling because his name did not appear on her caller ID. She reported the offender asked to speak to her and she told him he was not supposed to be contacting her due to the protection order and she proceeded to hang up the phone. Shortly thereafter, she received a second phone call and she did not answer. She reported her friend was present and witnessed the incident.

As of this writing, charges have not been filed in the aforementioned incident.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   June 9, 2021

s/Lori Cross

Lori Cross
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

6/9/2021
Date